

ENTERED
07/20/2009

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **In re:** § | |
| § | **Case No. 03-43483-H4-13** |
| **ANTOINETTE DE LA FUENTE and** § | **Chapter 13** |
| **LENORD DE LA FUENTE,** § | |
| § | |
| Debtors. § | |
| § | |
| **ANTOINETTE DE LA FUENTE and** § | |
| **LENORD DE LA FUENTE,** § | |
|     Plaintiffs, § | |
| § | **Adversary No. 08-03291** |
| v. § | |
| § | |
| **WELLS FARGO BANK, N.A.,** § | |
|     Defendant. § | |

### MEMORANDUM OPINION ON WELLS FARGO BANK, N.A.'S MOTION FOR ENTRY OF FINAL JUDGMENT
[Adv. Docket No. 12]

### I. INTRODUCTION

In the practice of consumer bankruptcy law, counsel for the debtor and counsel for the home lender frequently announce agreements into the record that they have just negotiated prior to the start of a hearing. This Memorandum Opinion underscores the need for counsel to ensure that they really have negotiated all material terms to their clients' satisfaction before coming to the podium and announcing that an agreement has been reached.

### II. FINDINGS OF FACT

On August 13, 2008, Antoinette De La Fuente and Lenord De La Fuente, the Debtors in the above referenced Chapter 13 case (the Debtors), filed a Complaint pursuant to Federal Rules of Bankruptcy Procedure 7001(1), (2), (7) and (9) and 11 U.S.C. §105(a) (the Complaint), initiating the

above-referenced adversary proceeding. [Adv. Docket No. 1.] The Complaint alleges that Wells Fargo, N.A. (the Defendant) violated the automatic stay when it imposed fees on the Debtors' account without this Court's approval and beyond amounts approved by the Court, thus violating the Court's confirmation order. The Debtors request actual and punitive damages for the Defendant's alleged assessment of these fees and ask the Court to declare that the Defendant improperly received and accounted for funds received on the mortgage.

On April 21, 2009, this Court held a hearing at which counsel for both parties announced that they had negotiated a settlement whereby the Debtors agreed to restore their mortgage agreement to its original terms, and the Defendant agreed that the Debtors would be current on their loan obligations. Counsel for the parties then recited a partial agreement on the record. While counsel for the Debtors stated that a "substantial agreement" had been reached, both parties' counsel asked the Court to conduct a trial on the one issue the parties were definitely unable to agree upon—the amount of the Debtors' attorney's fees to be paid by the Defendant. Counsel for both parties also noted that no "hard number" had been agreed upon with respect to the monthly escrow payment, but that they would work together to try to agree upon a specific figure. Thereafter, counsel for each party presented evidence on attorneys' fees.

After considering the evidence, the Court awarded the Debtors attorney's fees in the amount of $25,895.00 and requested counsel for both parties to submit an agreed judgment in writing within one week. The Court reminded counsel to incorporate into the written judgment the agreed terms announced into the record, plus the fee award and the escrow amount that the parties had yet to agree upon.

Unfortunately, the parties thereafter failed to reach an agreement on the escrow amount. Not surprisingly, their counsel never submitted a signed, written agreed judgment to this Court.

On June 10, 2009, the Defendant filed a Motion for Entry of Final Judgment containing an escrow amount to which the Debtors had not agreed. [Adv. Docket No. 12.]

On June 12, 2009, this Court held a hearing on the Motion for Entry of Final Judgment. At this hearing, counsel for both parties confirmed that the Debtors and the Defendant had been unable to reach an agreement as to the monthly escrow payment. The Debtors requested that the Motion for Entry of Final Judgement be denied and further requested that this Court conduct a trial on all issues raised in the Complaint.

For the reasons stated below, the Court concludes that because the statute of frauds applies to agreements concerning real property, and because no agreed judgment was ever submitted, the Defendant's Motion for Entry of Final Judgment should be denied.

### III. CONCLUSIONS OF LAW

**A.     Jurisdiction and Venue**

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1). This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(K), (L), and (O).[1] Additionally, this matter is a core proceeding under the general "catch-all" language of 28

---

[1] Because the Debtors have filed a lawsuit alleging that the Defendant improperly charged fees to the Debtors' mortgage account in violation of this Court's order confirming the Debtors' Chapter 13 plan, [Case No. 03-43483, Docket No. 52], this Court has jurisdiction over this lawsuit even though the Debtors have received a discharge, [Case No. 03-43483, Docket No. 106].

The Fifth Circuit has recognized that a bankruptcy court retains subject matter jurisdiction post-discharge to ensure that the rights afforded to a debtor by the Bankruptcy Code are fully vindicated. *See, e.g., In re Bradley*, 989 F.2d 802, 804-05 (5th Cir. 1993) (holding that the bankruptcy court properly exercised subject matter jurisdiction to hear plaintiffs' post-discharge employment discrimination claims arising under 11 U.S.C. § 525). The Fifth Circuit has also explained that the bankruptcy courts retain jurisdiction post-closure to ensure compliance with its plan confirmation order. *See, e.g., In re Craig's Stores of Tex., Inc.*, 266 F.3d 388, 390 (5th Cir. 2001) (holding that bankruptcy courts retain subject matter jurisdiction over a discharged debtor with respect to "matters pertaining to the implementation of

U.S.C. § 157(b)(2). *See In re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."); *In re Ginther Trusts*, No. 06-3556, 2006 WL 3805670, at *19 (Bankr. S.D. Tex. Dec. 22, 2006) (holding that a matter may constitute a core proceeding under 28 U.S.C. § 157(b)(2) "even though the laundry list of core proceedings under § 157(b)(2) does not specifically name this particular circumstance"). Venue is proper pursuant to 28 U.S.C. § 1409.

## B. The Motion for Entry of Final Judgment

Where the United States is not a party, it is well established that settlement agreements in pending bankruptcy cases are considered contract matters governed by state law. *See, e.g.*, *Ctr. for Marine Conservation v. Brown*, 905 F. Supp. 383, 385 (S.D. Tex. 1995) (citing *United States v. Seckinger*, 397 U.S. 203, 209-10 (1969)); *see also In re Omni Video, Inc.*, 60 F.3d 230 (5th Cir. 1995) (holding that Texas law applies to bankruptcy disputes regarding the validity of settlements.) Further, in *In re Omni Video, Inc.*, the Fifth Circuit declared that a federal court has "inherent power" to enforce settlement agreements. 60 F.3d 230, 232 (5th Cir. 1995). Moreover, Federal Rule of

---

the plan"). And it expressly held in *In re National Gypsum Co.* that "a declaratory judgment action seeking merely a declaration that collection of an asserted preconfirmation liability is barred by a bankruptcy court's confirmation of a debtor's reorganization plan ... is a core proceeding arising under title 11." *Ins. Co. of N. Am. v. NGC Settlement Trust & Asbestos Claims Mgmt. Corp. (In re Nat'l Gypsum Co.)*, 118 F.3d 1056, 1064 (5th Cir. 1997). Additionally, in *Wilborn*, this Court expressly held that it "has subject matter jurisdiction post-closure to remedy violations of a debtor's bankruptcy rights that occurred before the bankruptcy case was closed," and "to enforce its own orders, including its orders confirming Chapter 13 plans." *Wilborn v. Wells Fargo Bank, N.A. (In re Wilborn)*, 401 B.R. 872, 890 (Bankr. S.D. Tex. 2009).

Thus, this Court has jurisdiction over this lawsuit, which was brought by the Debtors before the entry of the discharge order and which involves allegations that the Defendant violated this Court's order confirming the Debtors' plan. The Court also notes that the Defendant has admitted that this Court has subject matter jurisdiction in its Original Answer to the Complaint, where the Defendant admitted "to the allegations made in [the jurisdictional paragraph] of Plaintiff's Complaint." [Adv. Docket No. 6.]

Bankruptcy Procedure 9019(a) provides a bankruptcy court with discretion when approving compromises. Fed. R. Bankr. P. 9019(a).

Before this Court may approve the parties' settlement agreement, the parties' agreement must first satisfy the statute of frauds. Whether the statute of frauds applies to a contract is a question of law. *See Bratcher v. Dozier*, 346 S.W.2d 795 (Tex. 1961). Although Texas bankruptcy courts have routinely approved settlement agreements when such agreements are made in open court and recited in the record, *see, In re Harco Energy, Inc.*, 270 B.R. 658, 664 (Bankr. N.D. Tex. 2001), certain types of settlement agreements are still required to be in writing. Section 26.01(b)(4) of the Texas Business and Commerce Code provides that an agreement concerning the sale of an interest in real estate must be in writing and "signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him." Tex. Bus. & Comm. Code Ann. § 26.01(b)(4). Additionally, the Texas Supreme Court has held that agreements encompassing real estate liens or mortgages are unenforceable if the agreement is not set forth in writing. *See West v. First Baptist Church of Taft*, 71 S.W.2d 1090, 1100 (Tex. 1934). Finally, the Texas Courts of Appeal have also held that agreements concerning mortgages or a lien on real estate are "within the statute of frauds, and must be in writing to be enforceable." *Khoshnoudi v. Bird*, No. 05-98-00388-CV, 2000 WL 1176587, at *5 (Tex. App.—Dallas 2000, no pet.) (citing *West*, 71 S.W.2d at 1100); *see also Edward Scharf Assocs., Inc. v. Skiba*, 538 S.W.2d 501, 502 (Tex. Civ. App.—Waco 1976, no writ) (holding that a real estate loan agreement is unenforceable if not in writing because such an agreement falls within the statute of frauds).

In the suit at bar, the parties have failed to provide a signed written agreement to the Court. Even though the parties recited the terms of their settlement on the record, Texas law mandates that

real estate loan agreements be: (a) in writing; and (b) signed by the party who has been charged with the promise. Here, the parties have failed to satisfy either of these two requirements; the parties have never submitted an agreed judgment which either they or their respective counsel have signed. Thus, the oral agreement announced into the record at the April 21 hearing is unenforceable under Texas law, and the Court will not approve any portion of the terms announced into the record at the April 21 hearing.

Additionally, courts will not enforce a settlement agreement when the parties include a condition precedent and then subsequently fail to meet that condition. *See Valley Ranch Dev. Co. v. F.D.I.C.*, 960 F.2d 550, 553 (5th Cir. 1992). Therefore, even if the statute of frauds did not apply, this Court would still not enforce the settlement terms announced at the April 21 hearing because counsel for the parties included a condition precedent: they expressly asked the Court to sign an agreed judgment *only after* they had come to an agreement on the monthly escrow amount. The monthly escrow amount, which the Defendant maintains is stated correctly in its Motion for Entry of Final Judgment, is not a sum to which the Debtors have agreed. Because the parties have failed to agree upon the amount of the monthly escrow payment, the condition precedent has not been satisfied. The Court, therefore, will not grant the Motion for Entry of Final Judgment.

## IV. Conclusion

The Court concludes that because the statute of frauds applies to the terms of the settlement stated on the record at the April 21, 2009 hearing, the agreement is unenforceable. Agreements concerning real estate loans must be in writing and signed by the mortgagor—neither of which has occurred in the suit at bar. Thus, the settlement agreement fails to conform with the statute of frauds and is unenforceable. Additionally, as a separate and distinct basis for denial of the Motion for Entry

of Final Judgment, this Court's approval of the agreed final judgment—even if it had been submitted in writing and signed by the Debtors—was conditioned upon the parties reaching an agreement as to the monthly escrow payment. However, the parties have not agreed to the amount of the monthly escrow payment and have thus failed to meet this condition precedent.

At the June 12, 2009 hearing, counsel for the Debtors requested that this Court schedule a trial on all issues raised in the Complaint. The Court will grant this request and schedule a trial. So long as the parties could not agree upon a material term—i.e. the amount of the escrow payment—there is no agreement on any of the issues and, therefore, a trial on all issues is appropriate. The lesson to be learned from this lawsuit is that settlements announced orally from the podium must encompass all material issues.

For all of the reasons set forth above, the Defendant's Motion for Entry of Final Judgment must be denied. Because this Court may not approve any of the terms of the settlement announced at the April 21, 2009 hearing, this Court will—in accordance with the Debtors' request at the June 12, 2009 hearing—conduct a trial on all issues raised in the Complaint. An order consistent with this Memorandum Opinion will be entered on the docket simultaneously with the entry of this Memorandum Opinion.

Signed on this 20th day of July, 2009.

Jeff Bohm
United States Bankruptcy Judge